Keith J. Miller
Bradley A. Suiters
**ROBINSON MILLER LLC**
Ironside Newark
110 Edison Place, Suite 302
Newark, New Jersey 07102
(973) 690-5400 (Telephone)
(973) 466-2761 (Facsimile)
kmiller@rwmlegal.com
bsuiters@rwmlegal.com

Wendy L. Devine
WILSON SONSINI GOODRICH & ROSATI
One Market Plaza
Spear Tower, Suite 3300
San Francisco, CA 94105
Tel:  (415) 947-2000

Nicholas Halkowski
WILSON SONSINI GOODRICH & ROSATI
1700 K Street, NW
Washington, DC 20006
Tel:  (202) 920-8711

*Attorneys for Plaintiff Bow River LLC*

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| BOW RIVER LLC, | ) |
| | ) |
| Plaintiff, | ) |
| | ) C.A. No. _____ |
| v. | ) |
| | ) |
| ZYDUS LIFESCIENCES GLOBAL FZE, | ) |
| ZYDUS PHARMACEUTICALS (USA) INC. | ) |
| and ZYDUS LIFESCIENCES LIMITED, | ) |
| | ) |
| Defendant. | |

## COMPLAINT FOR PATENT INFRINGEMENT

For its Complaint against Defendants Zydus Lifesciences Global FZE ("Zydus FZE"),

Zydus Pharmaceuticals (USA) Inc. ("Zydus USA"), and Zydus Lifesciences Limited ("Zydus

Lifesciences") (collectively, "Zydus"), Plaintiff Bow River LLC ("Bow River" or "Plaintiff"), by and through its attorneys, alleges as follows:

<p align="center">**THE NATURE OF THE ACTION**</p>

1. This is an action for patent infringement of United States Patent Nos. 11,337,967 (the "'967 Patent") and 11,974,998 (the "'998 Patent") (collectively, the "Asserted Patents"), arising under the patent laws of the United States, Title 35, United States Code.

2. By letter dated March 26, 2026 (the "Notice Letter"), Zydus notified Bow River that it had submitted Abbreviated New Drug Application ("ANDA") No. 220875 to the U.S. Food and Drug Administration ("FDA") under § 505(j)(2)(B) of the Federal Food, Drug and Cosmetic Act ("FDCA") (21 U.S.C. § 355(j)(2)(B)(iv)(I) and 21 C.F.R. § 314.95(c)(1)) seeking approval to engage in the commercial manufacture, use, and sale of a generic version of the VITRAKVI® capsule products (25 mg and 100 mg) (the "Zydus ANDA Products") before the expiration of the Asserted Patents.

3. Bow River seeks all available relief under the patent laws of the United States, 35 U.S.C. § 100 *et. seq.*, and other applicable laws for Zydus's infringement of the Asserted Patents.

<p align="center">**THE PARTIES**</p>

4. Bow River LLC is a limited liability company organized and existing under the laws of the State of Wyoming with a principal place of business at 23 Corporate Plaza Drive, Suite 150, Newport Beach, CA 92660.

5. Bow River owns the '967 and '998 Patents.

6. Bow River facilitates independent research on pharmaceutical safety, including research into serious adverse events associated with pharmaceuticals. One type of such serious

<p align="center">2</p>

adverse events is drug-drug interactions ("DDIs").  DDIs are a significant source of danger for patients in the United States and can have deadly consequences.  Such interactions, including DDIs that can affect the various types of patients within the patient class ultimately receiving the drug, can be unknown to prescribers.

7.    Bow River facilitates high quality research to investigate and characterize DDIs and their serious consequences.  The result of that research provides invaluable guidance to medical professionals on how to safely administer critical medications.  The result is more benefit to patients with lower risk.  Examples of such guidance are reflected in the claimed methods of the Asserted Patents.

8.    On information and belief, Zydus FZE is a company organized and existing under the laws of Dubai United Arab Emirates at FZJO B2601, Jebel Ali Free Zone, Dubai, United Arab Emirates.  On information and belief, Zydus FZE is a wholly-owned subsidiary of Zydus Lifesciences.

9.    On information and belief, Zydus USA is a corporation organized and existing under the laws of the State of New Jersey, having a principal place of business at 73 Route 31 North, Pennington, NJ 08534.  On information and belief, Zydus USA is a wholly-owned subsidiary of Zydus Lifesciences.

10.    On information and belief, Zydus Lifesciences is a corporation organized and existing under the laws of the Republic of India, having a principal place of business at Zydus Corporate Park, Scheme No. 63, Survey No. 536, Khoraj (Gandhinagar), Nr. Vaishnodevi Circle, Ahmedabad 382481, Gujarat, India.

11.    On information and belief, Zydus USA is a U.S. agent for Zydus FZE and Zydus Lifesciences.

3

12.     On information and belief, Zydus USA, Zydus FZE, and Zydus Lifesciences collaborate with respect to the development, regulatory approval, marketing, sale, and/or distribution of pharmaceutical products.

13.     On information and belief, Zydus USA, Zydus FZE, and Zydus Lifesciences are agents of each other and/or operate in concert as integrated parts of the same business group.

14.     On information and belief, Zydus USA, Zydus FZE, and Zydus Lifesciences acted in concert to prepare and submit ANDA No. 220875 for Zydus's ANDA Products.

<div align="center">**JURISDICTION AND VENUE**</div>

15.     This action arises under the patent laws of the United States of America, 35 U.S.C. § 1, *et seq*. and from Zydus's submission of ANDA No. 220875.

16.     This Court has subject matter jurisdiction over the action under 28 U.S.C. §§ 1331 and 1338(a) (patent infringement).  Relief is sought under 35 U.S.C. § 271(e)(2).

17.     On information and belief, this Court has personal jurisdiction over Zydus USA because, among other things, Zydus USA is a corporation incorporated and existing under New Jersey law, such that Zydus USA is rendered essentially at home in this District.  Zydus USA has also regularly engaged in patent litigation concerning FDA-approved products in this judicial district, has not contested personal jurisdiction in such litigation in this judicial district, and has purposefully availed itself of the rights and benefits of this Court by asserting claims and/or counterclaims in this Court.  *E.g.*, *Merck Sharp & Dohme LLC v. Zydus Pharms. (USA) Inc.*, C.A. No. 24-cv-10820-KMW-SAK, ECF No. 15 (D.N.J. Feb. 25, 2025); *Supernus Pharms., Inc. v. Zydus Lifesciences Global FZE.*,[1] C.A. No. 26-cv-03543-MEF-MAH, ECF No. 6 (D.N.J. Apr. 14, 2026).

---

[1]     Zydus USA, a named defendant and counterclaimant.

18.     On information and belief, Zydus USA is a United States agent for Zydus Lifesciences and "markets and distributes Generic and Authorized Generic pharmaceutical products in the United States." https://www.zyduslife.com/investor/admin/uploads/14/11/Zydus-Pharmaceuticals-(USA)-Inc-_1.pdf (last accessed May 4, 2026), at 6. On information and belief, Zydus USA admits that "Zydus Pharmaceuticals (USA) Inc. is the US generic drug division of a much larger company known as Zydus Lifesciences." https://zydususa.com/?path=prescriber (last accessed May 4, 2026).

19.     In the Notice Letter, Zydus concedes that Zydus USA is a United States agent for Zydus FZE.

20.     On information and belief, this Court has personal jurisdiction over Zydus Lifesciences because of, among other things, Zydus Lifesciences's persistent and continuous contacts with New Jersey. Zydus Lifesciences has purposefully availed itself of the benefits and protections of New Jersey's laws such that it should reasonably anticipate being haled into court here. On information and belief, Zydus Lifesciences regularly and continuously transacts business in New Jersey, including by, directly or indirectly, through one or more agents (including but not limited to Zydus USA and Zydus FZE), developing, manufacturing, marketing, and selling generic pharmaceutical products in New Jersey. On information and belief, Zydus Lifesciences derives substantial revenue from the sale of those products in New Jersey and has availed itself of the privilege of conducting business within New Jersey. Zydus Lifesciences has regularly engaged in patent litigation concerning FDA-approved products in this judicial district, has not contested personal jurisdiction in such litigation in this judicial district, and has purposefully availed itself of the rights and benefits of this Court by asserting claims and/or counterclaims in this Court. *E.g., Merck Sharp & Dohme LLC v. Zydus Pharms.*

5

*(USA) Inc.,*[2] C.A. No. 24-cv-10820-KMW-SAK, ECF No. 15 (D.N.J. Feb. 25, 2025); *Supernus Pharms., Inc. v. Zydus Lifesciences Global FZE.,*[3] C.A. No. 26-cv-03543-MEF-MAH, ECF No. 6 (D.N.J. Apr. 14, 2026).

21.     In the alternative, this Court has personal jurisdiction over Zydus Lifesciences because the requirements of Federal Rule of Civil Procedure 4(k)(2) are met as (a) Bow River's claims arise under federal law; (b) Zydus Lifesciences is a foreign defendant not subject to general personal jurisdiction in the courts of any state; and (c) Zydus Lifesciences has sufficient contacts with the United States as a whole, including, but not limited to, preparing and submitting ANDAs to FDA and/or manufacturing, importing, offering to sell, or selling pharmaceutical products that are distributed throughout the United States, such that this Court's exercise of jurisdiction over Zydus Lifesciences satisfies due process.

22.     On information and belief, this Court has personal jurisdiction over Zydus FZE because of, among other things, Zydus FZE's persistent and continuous contacts with New Jersey.  Zydus FZE has purposefully availed itself of the benefits and protections of New Jersey's laws such that it should reasonably anticipate being haled into court here.  On information and belief, Zydus FZE regularly and continuously transacts business in New Jersey, including by, directly or indirectly, through one or more agents (including but not limited to Zydus USA and Zydus Lifesciences), developing, manufacturing, marketing, and selling generic pharmaceutical products in New Jersey.  On information and belief, Zydus FZE derives substantial revenue from the sale of those products in New Jersey and has availed itself of the privilege of conducting business within New Jersey.  Zydus FZE has regularly engaged in patent

---

[2]     Zydus Lifesciences, a named defendant and counterclaimant.

[3]     Zydus Lifesciences, a named defendant and counterclaimant.

litigation concerning FDA-approved products in this judicial district, and has not contested personal jurisdiction in such litigation in this judicial district, and has purposefully availed itself of the rights and benefits of this Court by asserting claims and/or counterclaims in this Court. *E.g.*, *Supernus Pharms., Inc. v. Zydus Lifesciences Global FZE.*, C.A. No. 26-cv-03543-MEF-MAH, ECF No. 6 (D.N.J. Apr. 14, 2026).

23. On information and belief, Zydus FZE is the holder of ANDA No. 220875.

24. In the alternative, this Court has personal jurisdiction over Zydus FZE because the requirements of Federal Rule of Civil Procedure 4(k)(2) are met as (a) Bow River's claims arise under federal law; (b) Zydus FZE is a foreign defendant not subject to general personal jurisdiction in the courts of any state; and (c) Zydus FZE has sufficient contacts with the United States as a whole, including, but not limited to, preparing and submitting ANDAs to FDA and/or manufacturing, importing, offering to sell, or selling pharmaceutical products that are distributed throughout the United States, such that this Court's exercise of jurisdiction over Zydus FZE satisfies due process.

25. On information and belief, Zydus USA, Zydus FZE, and Zydus Lifesciences hold themselves out as a unitary entity and operate as a single integrated business with respect to the regulatory approval, manufacturing, marketing, sale and distribution of generic pharmaceutical products throughout the United States, including in this judicial district.

26. On information and belief, Zydus USA, Zydus FZE, and Zydus Lifesciences have thus been, and continue to be, joint and prime actors in the drafting, submission, approval, and maintenance of ANDA No. 220875.

27. Venue is proper in this Court under 28 U.S.C. §§ 1391 and 1400(b).

7

## THE VITRAKVI® PRODUCTS

28.    VITRAKVI® is a first-in-class cancer drug available in both capsule and oral solution form.  The VITRAKVI® capsule products are available in both 25 mg and 100 mg dosage strengths (collectively, the "VITRAKVI® Capsules").

29.    VITRAKVI® is approved by FDA for the treatment of adult and pediatric patients with solid tumors that: have a neurotrophic receptor tyrosine kinase (NTRK) gene fusion without a known acquired resistance mutation; are metastatic or where surgical resection is likely to result in severe morbidity; and have no satisfactory alternative treatments or that have progressed following treatment.

30.    The active ingredient in the VITRAKVI® Capsules is larotrectinib.  The active ingredient in any generic version of the VITRAKVI® Capsules will be the same.  21 U.S.C. § 355(j)(2)(A)(ii)(I).

31.    Patients prescribed VITRAKVI® are often prescribed other drugs as well.  For instance, patients prescribed VITRAKVI® are often immunocompromised and can be prescribed an antifungal agent, such as posaconazole.

32.    When larotrectinib is administered with certain other drugs, the result can be dangerous for the patient.  Specifically, when larotrectinib is administered to a patient that is already receiving a strong CYP3A inhibitor, such as posaconazole, larotrectinib will not be metabolized at the same rate as it is in the absence of the strong CYP3A inhibitor, which can lead to life-threatening consequences.  Investigation of the DDIs was limited, and there was no solution for the problem of the interaction between a strong CYP3A inhibitor and larotrectinib.

33.    Through years of clinical and analytical research into the interactions between posaconazole and CYP3A4 substrate drugs like larotrectinib, the inventors of the Asserted

Patents solved this problem.  Specifically, the inventors of the Asserted Patents pioneered a method of administering larotrectinib such that the interaction with posaconazole could be avoided.  As a result of this novel method, the patient receives the proper dosage of larotrectinib.

34.     Consistent with FDA's requirement that drug labeling must contain a summary of the essential scientific information needed for the safe and effective use of the drug, the claimed method has been deemed so essential to the proper administration of CYP3A4 substrate drugs that it must be included on the label for larotrectinib products, including the label for the VITRAKVI® Capsules.

## ASSERTED PATENTS

35.     The '967 Patent, entitled "Methods of Treatment," was duly and legally issued on May 24, 2022, from U.S. Patent Application No. 17/332,600.  A true and correct copy of the '967 Patent is attached to this Complaint as Exhibit A.

36.     The face of the '967 Patent names Sundar Srinivasan and Christina Chow as inventors and Bow River LLC as the assignee.

37.     Pursuant to 21 U.S.C. § 355, the '967 Patent is listed in the Approved Drug Products with Therapeutic Equivalence Evaluations ("the Orange Book") in connection with the VITRAKVI® Capsules.  Certain uses of the VITRAKVI® Capsules are covered by at least one claim of the '967 Patent.  The prescribing information for the VITRAKVI® Capsules instructs performance of methods that are covered by at least one claim of the '967 Patent.

38.     The '998 Patent, entitled "Methods of Treatment," was duly and legally issued on May 7, 2024, from U.S. Patent Application No. 18/366,060.  A true and correct copy of the '998 Patent is attached to this Complaint as Exhibit B.

39. The face of the '998 Patent names Sundar Srinivasan and Christina Chow Wallen as inventors and Bow River LLC as the assignee.

40. Pursuant to 21 U.S.C. § 355, the '998 Patent is listed in the Orange Book in connection with the VITRAKVI® product. Certain uses of the VITRAKVI® product are covered by at least one claim of the '998 Patent. The prescribing information for the VITRAKVI® Capsules instructs performance of methods that are covered by at least one claim of the '998 Patent.

**INFRINGEMENT BY ZYDUS**

41. By the Notice Letter, Zydus FZE notified Bow River that it had submitted ANDA No. 220875 to FDA under Section 505(j)(2)(B) of the FDCA (21 U.S.C. § 355(j)(2)(B)(iv)(I) and 21 C.F.R. § 314.95(c)(1)) seeking approval to engage in the commercial manufacture, use, and sale of the Zydus ANDA Products before the expiration of the Asserted Patents.

42. On information and belief, Zydus intends to engage in commercial manufacture, use, and sale of the Zydus ANDA Products promptly upon receiving FDA approval to do so.

43. By filing ANDA No. 220875, Zydus has necessarily represented to FDA that the Zydus ANDA Products have the same active ingredients as the VITRAKVI® Capsules, have the same route of administration, dosage form, use, and strength as VITRAKVI® Capsules, and are bioequivalent to the VITRAKVI® Capsules.

44. The Notice Letter did not contend the proposed prescribing information for the Zydus ANDA Products differs in any way from the prescribing information for VITRAKVI® Capsules. For example, the Notice Letter did not include a statement pursuant to 21 U.S.C. § 355(j)(2)(A)(viii).

45.    On information and belief, the proposed prescribing information for the Zydus ANDA Products is substantially identical to the prescribing information for VITRAKVI® Capsules with the exception of the names of the respective drug products.  21 U.S.C. § 355(j)(2)(A)(v).

46.    In the Notice Letter, Zydus offered confidential access to ANDA No. 220875 on the terms and conditions set forth in the Notice Letter (the "Offer").  Zydus requested that Bow River accept the Offer before receiving access to ANDA No. 220875.

47.    The Offer contained unreasonable restrictions that differ materially from standard terms of discovery confidentiality orders entered in this jurisdiction.  *Nycomed U.S. Inc. v. Tolmar, Inc.*, C.A. No. 10-2635 (KSH), 2011 WL 1675027, at *3 (D.N.J. Apr. 28, 2011) ("[A]n OCA 'shall contain such restrictions as to persons entitled to access, and on the use and disposition of any information accessed, as would apply had a protective order been entered for the purpose of protecting trade secrets and other confidential business information.'") (quoting 21 U.S.C. § 355(j)(5)(C)(i)(III)).  For example, the Offer required outside counsel that accessed ANDA No. 220875 to "not engage, formally or informally, in the prosecution of patents related to larotrectinib sulfate" as to all clients for all time.  *See In re Deutsche Bank Tr. Co. Ams.*, 605 F.3d 1373, 1381 (Fed. Cir. 2010) ("We therefore hold that a party seeking imposition of a patent prosecution bar must show that the information designated to trigger the bar, ***the scope of activities prohibited by the bar***, ***the duration of the bar***, and the subject matter covered by the bar reasonably reflect the risk presented by the disclosure of proprietary competitive information.") (emphasis added).  The Offer also required the single in-house attorney that accessed ANDA No. 220875 to "not engage, formally or informally, in the prosecution of patents related to larotrectinib sulfate for Bayer, Array, and/or Bow River" for all time.

11

48.    As another example, the Offer limited access to portions of ANDA No. 220875 to outside counsel from "not more than one outside law firm representing Bayer, Array, and/or Bow River" and only "a single in-house attorney employed by Bayer, Array, and/or Bow River." Plaintiffs are three separate entities, but the Offer purports to permit only one law firm for all three separate entities and only one "single in-house attorney" for all three separate entities. Requiring all three entities to agree to representation by a single outside law firm or forgo representation and/or to agree to access for only one in-house representative among them is an overly burdensome and unreasonable restriction on confidential access. *In re Deutsche Bank Tr. Co. Ams.*, 605 F.3d at 1381 ("[T]he court should consider such things as . . . the potential difficulty the client might face if forced to rely on other counsel for the pending litigation or engage other counsel to represent it . . . .").

49.    Bow River commenced this action within 45 days of the date of receipt of the Notice Letter.

## FIRST COUNT

### Infringement of the '967 Patent Under 35 U.S.C. § 271 (e)(2)(A)

50.    Bow River incorporates each of the preceding paragraphs as if fully set forth herein.

51.    Zydus submitted ANDA No. 220875 to FDA under section 505(j) of the FDCA with a Paragraph IV Certification to obtain approval to engage in the commercial manufacture, use, offer for sale, sale, or importation of the Zydus ANDA Products throughout the United States prior to the expiration of the '967 Patent. By submitting this ANDA, Zydus has committed an act of infringement of the '967 Patent under 35 U.S.C. § 271(e)(2)(A) either literally or under the doctrine of equivalents.

52.     On information and belief, the Zydus ANDA Products, if approved by FDA, will be manufactured, used, offered for sale, sold, and/or imported in or into the United States by Zydus or on its behalf, and will be administered by patients and/or medical practitioners in the United States according to the directions and instructions in Zydus's proposed prescribing information, which will constitute direct infringement by patients and/or medical practitioners of one or more claims of the '967 Patent, under 35 U.S.C. § 271(a), either literally or under the doctrine of equivalents.  On information and belief, the administration of the Zydus ANDA Products will occur with Zydus's specific intent to encourage infringement.  On information and belief, Zydus will actively induce, encourage, aid, and abet that conduct by patients and/or medical practitioners, with knowledge and specific intent that the conduct will be in contravention of Bow River's rights under the '967 Patent.

53.     On information and belief, if ANDA No. 220875 is approved by FDA, the commercial manufacture, use (in accordance with and as directed by Zydus's proposed labeling for the Zydus ANDA Products), offer to sell, or sale within the United States, and/or importation into the United States of the Zydus ANDA Products will constitute acts of infringement, either literally or under the doctrine of equivalents, of the '967 Patent under 35 U.S.C. § 271(a)-(c) unless enjoined by the Court.

54.     On information and belief, Zydus had actual and constructive knowledge of the '967 Patent prior to filing ANDA No. 220875 and was aware that filing this ANDA with FDA constituted an act of infringement of the '967 Patent.  In addition, on information and belief, Zydus had specific intent to infringe the '967 Patent when it filed ANDA No. 220875.  Moreover, there are no substantial non-infringing uses for the Zydus ANDA Products other than in the methods claimed in the '967 Patent.

55.     The commercial manufacture, use, offer for sale, sale, and/or importation of the Zydus ANDA Products in violation of Bow River's patent rights will cause irreparable harm to Bow River for which damages are inadequate.

**SECOND COUNT**

**Infringement of the '998 Patent Under 35 U.S.C. § 271(e)(2)(A)**

56.     Bow River incorporates each of the preceding paragraphs as if fully set forth herein.

57.     Zydus submitted ANDA No. 220875 to FDA under section 505(j) of the FDCA with a Paragraph IV Certification to obtain approval to engage in the commercial manufacture, use, offer for sale, sale, or importation of the Zydus ANDA Products throughout the United States prior to the expiration of the '998 Patent.  By submitting this ANDA, Zydus has committed an act of infringement of the '998 Patent under 35 U.S.C. § 271(e)(2)(A) either literally or under the doctrine of equivalents.

58.     On information and belief, the Zydus ANDA Products, if approved by FDA, will be manufactured, used, offered for sale, sold, and/or imported in or into the United States by Zydus or on its behalf, and will be administered by patients and/or medical practitioners in the United States according to the directions and instructions in Zydus's proposed prescribing information, which will constitute direct infringement by patients and/or medical practitioners of one or more claims of the '998 Patent, under 35 U.S.C. § 271(a), either literally or under the doctrine of equivalents.  On information and belief, the administration of the Zydus ANDA Products will occur with Zydus's specific intent to encourage infringement to occur.  On information and belief, Zydus will actively induce, encourage, aid, and abet that conduct by

14

patients and/or medical practitioners, with knowledge and specific intent that the conduct will be in contravention of Bow River's rights under the '998 Patent.

59.     On information and belief, if ANDA No. 220875 is approved by FDA, the commercial manufacture, use (in accordance with and as directed by Zydus's proposed labeling for the Zydus ANDA Products), offer to sell, or sale within the United States, and/or importation into the United States of the Zydus ANDA Products will constitute acts of infringement, either literally or under the doctrine of equivalents, of the '998 Patent under 35 U.S.C. § 271(a)-(c) unless enjoined by the Court.

60.     On information and belief, Zydus had actual and constructive knowledge of the '998 Patent prior to filing ANDA No. 220875 and was aware that filing this ANDA with FDA constituted an act of infringement of the '998 Patent.  In addition, on information and belief, Zydus had specific intent to infringe the '998 Patent when it filed ANDA No. 220875. Moreover, there are no substantial non-infringing uses for the Zydus ANDA Products other than in the methods claimed in the '998 Patent.

61.     The commercial manufacture, use, offer for sale, sale, and/or importation of the Zydus ANDA Products in violation of Bow River's patent rights will cause irreparable harm to Bow River for which damages are inadequate.

## **PRAYER FOR RELIEF**

Bow River respectfully requests the following relief:

a)     A judgment that Zydus has infringed at least one claim of the '967 and '998 Patents either literally or under the doctrine of equivalents;

b)      A judgment ordering that the effective date of any FDA approval of ANDA No. 220875 shall be a date which is not earlier than the latest expiration date of any of the '967 and '998 Patents, as extended by any applicable periods of exclusivity;

c)      A preliminary and permanent injunction enjoining Zydus, its subsidiaries, parents, officers, agents, servants, employees, licensees, representatives, and attorneys, and all other persons acting or attempting to act in active concert or participation with it or acting on its behalf, from engaging in the commercial manufacture, use, offer to sell, or importation into the United States, of any drug product covered by, or any drug product for which the use of the drug product is covered by the '967 or '998 Patents, including the Zydus ANDA Products;

d)      A judgment that the '967 and '998 Patents are valid and enforceable;

e)      A finding that this is an exceptional case under 35 U.S.C. § 285, and that Bow River be awarded reasonable attorneys' fees and costs; and

f)      An award of any such other and further relief as the Court may deem just and proper.

Respectfully submitted,

By: */s/ Keith J. Miller*

OF COUNSEL:

Wendy L. Devine
WILSON SONSINI GOODRICH & ROSATI
One Market Plaza
Spear Tower, Suite 3300
San Francisco, CA 94105
Tel: (415) 947-2000

Keith J. Miller
Bradley A. Suiters
**ROBINSON MILLER LLC**
Ironside Newark
110 Edison Place, Suite 302
Newark, New Jersey 07102
(973) 690-5400 (Telephone)
(973) 466-2761 (Facsimile)
kmiller@rwmlegal.com

Nicholas Halkowski
WILSON SONSINI GOODRICH & ROSATI
1700 K Street, NW
Washington, DC 20006
Tel:  (202) 920-8711

Dated:  May 8, 2026

bsuiters@rwmlegal.com

*Attorneys for Plaintiff Bow River LLC*

**Local Rules 11.2, 40.1, and 201.1 Certification**

Pursuant to Local Civil Rule 11.2, I hereby certify that, to the best of my knowledge, this matter is not the subject of any other action pending in any court or of any pending arbitration or administrative proceeding, except for *Array BioPharma Inc. v. Alembic Pharmaceuticals Ltd.*, Civil Action No. 25-cv-01016-JCG (D. Del.) and *Bow River LLC v. Zydus Lifesciences Global FZE et al.*, Civil Action No. 26-cv-00535-UNA (D. Del.).

Pursuant to Local Civil Rule 40.1, I hereby certify that, to the best of my knowledge, this matter does not relate to any case already or previously pending in the District of New Jersey.

Pursuant to Local Civil Rule 201.1(d), I hereby certify that the above-captioned matter is not subject to compulsory arbitration in that the Plaintiff seeks, *inter alia*, injunctive relief.

I certify under penalty of perjury that the foregoing is true and correct.

Dated: May 8, 2026

<div style="margin-left:50%">

ROBINSON MILLER LLC
*s/ Keith J. Miller*
Keith J. Miller
Bradley A. Suiters
ROBINSON MILLER LLC
Ironside Newark
110 Edison Place, Suite 302
Newark, New Jersey 07102
(973) 690-5400
kmiller@rwmlegal.com
bsuiters@rwmlegal.com

</div>